**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**EDNA JEWELL ROBERTS,**<br><br>**Debtor.** | **Case No. 26-40048-357**<br><br>**Chapter 13**<br><br>**Related to Docs. 42, 47** |

| | |
|---|---|
| **In re:**<br><br>**EDNA JEWELL ROBERTS,**<br><br>**Debtor.** | **Case No. 26-40048-357**<br><br>**Chapter 13** |
| **PETS A LONE SANCTUARY OF LINCOLN COUNTY, MISSOURI,** ***et al.*****,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**EDNA JEWELL ROBERTS,**<br><br>**Defendant.** | **Adv. Proc. No. 26-04015-357**<br><br>**Related to Doc. 19** |

## ORDER DENYING MOTION TO COMPEL AND RESCHEDULING CERTAIN PROCEEDINGS

This matter is before the Court on the Motion to Compel & for Sanctions, filed on August 12, 2026 in both the Chapter 13 bankruptcy case of Debtor Edna Jewell Robers and the above-styled adversary proceeding, by Creditors Pets A Lone Sanctuary of Lincoln County and Jennifer Raeker-Bickel (collectively, the "Motion to Compel"). The Debtor has filed a response, and the Creditors have filed a reply. The Motion to Compel and the response have been docketed in both the main case and the adversary proceeding, but the reply was filed only in the main case.

The Creditors also have filed a motion requesting a continuance of the hearing on the Debtor's Chapter 13 plan, which is currently scheduled for September 3, 2026 (the "Motion for Continuance"). This is the third such request by the Creditors.

On August 13, 2026, I entered a preliminary order on the Motion to Compel, which was docketed in the main case as Doc. 44. Among other things, that order stated that "the Court will not entertain further motion practice regarding a Rule 2004 examination" and directed the parties to schedule a deposition of the Debtor under the Federal Rules of Civil Procedure. Nevertheless, the Creditors' reply in support of the Motion to Compel refers to "Debtor's forthcoming Rule 2004 Examination" and quotes a case that describes a Rule 2004 examination as a "fishing expedition."

The August 13 order also stated that the confirmation hearing "will proceed" on September 3. The Motion for Continuance requests that I continue the confirmation hearing until after I rule on the Motion to Compel and after the Rule 2004 examination is rescheduled. Curiously, the Creditors cite to Doc. 44 in support of their desire to "reschedule Debtor's examination."

The Debtor's response to the Motion to Compel is not particularly helpful. For example, counsel insists that the Debtor has produced all of the documents in her possession that are responsive to particular requests. The Debtor has not supported any of her assertions with a declaration, and I thus have no basis on which to determine whether they are accurate. (There is a declaration from a custodian of records at Commerce Bank, but that addresses a discrete issue.)

Meanwhile, I issued an opinion and an order in the adversary proceeding on August 28, 2026, substantially narrowing its scope. The Creditors' reply does not appear to acknowledge this development.

For these reasons, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion to Compel (Main Case Doc. 42 and Adv. Doc. 19) is DENIED WITHOUT PREJUDICE.

2. The Motion for Continuance (Main Case Doc. 47) is GRANTED.

3. The confirmation hearing on the Debtor's First Amended Chapter 13 Plan is CONTINUED to December 10, 2026 at 1:30 p.m in Courtroom 5 North of the Thomas F. Eagleton United States Courthouse, 111 S. Tenth St., St. Louis, MO 63102. If the parties are not prepared to proceed with the confirmation hearing at that time, the Court will immediately convene an evidentiary hearing to determine which party or parties are at fault and will impose such remedies as may be appropriate under the circumstances. The parties are cautioned that the remedies may include dismissal of the Debtor's Chapter 13 case, potentially with a bar to re-filing, conversion

of the case to Chapter 7, dismissal of the adversary proceeding, and an award of attorneys' fees or other monetary sanctions.

4. By a separate scheduling order, the Court will continue the trial in the adversary proceeding to February 16, 2027 and will adjust deadlines accordingly.

5. The Creditors need not re-issue any discovery requests in the main case or the adversary proceeding. However, any written discovery issued after the entry of this Order, and any motion practice relating to existing or future discovery requests, should be confined to the scope of the confirmation hearing or the issues remaining in the adversary proceeding.

6. The Federal Rules of Civil Procedure, and not Federal Rule of Bankruptcy Procedure 2004, will govern discovery relating to plan confirmation and the adversary proceeding, including the scope of any deposition of the Debtor.

7. The Clerk of the Court is requested to docket this Order in both the main case and the adversary proceeding.

Dated: September 1, 2026
St. Louis, Missouri
jah

Brian C. Walsh
United States Bankruptcy Judge

**Serve:**

**Brian M Wacker**
The Cook Group, PLLC
701 Market Street
Ste 1225
Saint Louis, MO 63101

**Edna Jewell Roberts**
151 Brook Hill Lane
Troy, MO 63379

**Rochelle D. Stanton**
Rochelle D. Stanton, Attorney at Law
500 Northwest Plaza Drive
Suite 507
St. Ann, MO 63074

**Diana S. Daugherty**
Chapter 13 Trustee
P. O. Box 430908
St. Louis, MO 63143

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102